UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHRIM BANK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PEARL BAY SEAFOODS, LLC, JOSEPH MARTUSHEV, MIRON I. BASARGIN, ALEXANDER I. KALUGIN, NIKOLAI IGNATIEVICH, AND IOASOPH MARTUSHEV, *in personam*; and the Vessel GLACIER BAY, Official Number 600325, in rem,<br><br>　　　　Defendants. | Case No. 2:23-cv-01042-RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION GRANTING SUBSTITUTE CUSTODIAN TO PERMIT CERTAIN INDIVIDUALS TO BOARD VESSEL |

　　This matter comes before the Court on Plaintiff's "Stipulated Motion *Seeking Court Approval Granting Substitute Custodian to Permit Certain Individuals to Board Vessel*." Dkt. #61. On January 30, 2024, by Minute Order, the Court determined that Plaintiff's Motion was incorrectly filed as a Stipulated Motion, as no Defendant signed the Motion, and generally would be re-noted as a third Friday motion pursuant to LCR 7(d)(3). Dkt. #64. However, due to the facts of this Case[1], the Court re-noted Plaintiff's Motion for Friday, February 2, 2024,

---

[1] Other than Defendants Ioasoph Martushev and Joseph Martushev filing an opposition to personal jurisdiction, Dkt. #48, no other defendant has challenged a motion or otherwise appeared in this case.

ORDER- 1

allowing Defendants to file any opposition by 12:00PM, PST the same day. By 12:00PM, PST, Friday, February 2, 2024, Defendants did not file any opposition to Plaintiff's Motion.

Plaintiff's Motion seeks to grant the Substitute Custodian authority to allow certain third-party representatives of Plaintiff, Defendants, Intervenor, and prospective purchasers or their agents to board the in rem Defendant vessel Glacier Bay, Coast Guard Official No. 600325, for inspection, repairs, evaluation of the condition and assessment of value of the vessel under the supervision of the Court appointed Substitute Custodian, Marine Lenders Services, LLC. Upon consideration of Plaintiff's motion, this Court FINDS:

(1) The vessel Glacier Bay was arrested by the U.S. Marshals pursuant to Court Order, Dkt. #8, and is in the custody and control of the Court appointed Substitute Custodian, Marine Lenders Services, LLC.  Dkt. #10;

(2) The registered owner of the vessel Glacier Bay, Pearl Bay Seafoods, LLC has not appeared or asserted a *Supplemental Rules for Admiralty or Maritime Claims And Asset Forfeiture Action* ("SAR") Rule C(6) *Statement of Interest*, or asserted a defense to the *in rem* claim against the vessel,  and a Default was entered against Pearl Bay Seafoods, LLC.  Dkt. #40;

(3) Defendants Ioaseph Martushev and Joseph Martushev (collectively the "Martushevs") did not join in the Stipulated Motion and have filed a motion to dismiss the claims against them for lack of *in personam* jurisdiction, Dkt. #48. Plaintiff Northrim filed an opposition to the Martushevs' Motion to Dismiss, Dkt. #51, and the Martushevs filed a Reply, Dkt. # 55; and

(4) THAT the Martushevs will not be prejudiced by allowing representatives of Northrim, the Port of Seattle as Intervenor, prospective purchasers, marine

ORDER- 2

surveyors, or other individuals necessary for the care of the vessel, to board, test, sample, and inspect the vessel Glacier Bay under the supervision of the Substitute Custodian.

Therefore, the Court ORDERS that Plaintiff's motion is GRANTED, consistent with F.R.C.P. Supplemental Admiralty Rule E (4)(d) and Local Admiralty Rule 13. The Substitute Custodian may permit boarding and inspection of the vessel Glacier Bay by marine surveyors, representatives of Plaintiff, Intervenor, and prospective purchasers and their representatives in order to take samples of the lubricating oils of the vessel's engines, reduction gears, generators and other rotating machinery for chemical analysis, determine the vessel's condition and value at a date and time convenient to the Substitute Custodian.

It is further ORDERED that all such inspections, surveys, and/or samplings shall be conducted under the supervision of the Substitute Custodian, Marine Lenders Services, LLC, at such times and location, and by such individuals, as may be approved by, and arranged in advance with, the Substitute Custodian. The costs of the Substitute Custodian's services for allowing third parties to board the Vessel shall be deemed expenses *in custodia legis* in these proceedings.

It is further ORDERED that any and all persons boarding any of the Vessel for any purpose must first provide to the Substitute Custodian a properly executed *Waiver and Release From Liability* in the form attached as Exhibit A to Dkt. #62.

DATED this 5th day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER- 3