UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHRIM BANK, | IN ADMIRALTY |
| Plaintiff, | Case No. 2:23-cv-01042-RSM |
| v. | ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND FORUM NON CONVENIENS |
| PEARL BAY SEAFOODS, LLC, JOSEPH MARTUSHEV, MIRONI. BASARGIN, ALEXANDER I. KALUGIN, NIKOLAI IGNATIEVICH, AND IASOPH MARTUSHEV, *in personam*; and the Vessel GLACIER BAY, Official Number 600325, *in rem*, | |
| Defendants. | |

## I.    INTRODUCTION

This matter comes before the Court on Defendants Joseph Martushev and Iasoph Martushev ("Martushevs")'s Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and *Forum Non Conveniens*, Dkt. #48.  Plaintiff Northrim Bank opposes the Motion.  For the reasons set forth below, the Court DENIES Defendants' Motion.

## II.    BACKGROUND

The Court will focus on the facts most relevant to the questions of personal jurisdiction over the Martushevs, venue, and *forum non conveniens*.

ORDER - 1

Plaintiff Northrim Bank filed suit against the Martushevs and other Defendants alleging default of their obligations on a Business Loan Agreement, Commercial Promissory Note, and Preferred Ship Mortgage (collectively, the "loan" from Northrim Bank to Defendants).  Dkt. #1.

The Martushevs are members and managers of Pearl Bay Seafoods LCC, an Alaska limited liability company.  Dkt. #54.

As part of the loan, Defendants executed a Preferred Ship Mortgage against the vessel Glacier Bay, owned and operated by Pearl Bay, in favor of Plaintiff as mortgagee in which the vessel was pledged as collateral to secure the Note payment.  Dkt. #1-1.  Glacier Bay's homeport is in Seattle, Washington.  Dkt. #54-4 at 2.  Plaintiff seeks to enforce this Mortgage against Defendants.  Dkt. #51 at ¶ 6.

The Martushevs argue that they are Canadian citizens with no property or business interests in Washington.  *Id*. at 2.

Plaintiff alleges that the Martushevs are dual citizens of Canada and America and have extensive business ties to Washington both through their work as members and managers of Pearl Bay, as owners of the vessel Glacier Bay, and through their logging company, Martushev Logging LTD.  Dkt. #51 at 2.

## III.    DISCUSSION

### A.  Legal Standard

"In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper."  *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).  "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss.'"  *Id*. (quoting

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)). A plaintiff may not simply rest on the "bare allegations of [the] complaint." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).   But uncontroverted allegations must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor."   *Id.*

Personal jurisdiction over a nonresident defendant is proper if permitted by a state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996).   Since Washington's long arm statute reaches only as far as the Due Process Clause, the Court need only analyze whether the exercise of jurisdiction would comply with due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). For the exercise of jurisdiction to satisfy due process, a nonresident defendant, if not present in the forum, must have "minimum contacts" with the forum such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation marks omitted).   A federal district court may exercise either general or specific personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).   To establish general jurisdiction, the plaintiff must demonstrate that the defendant has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that approximate physical presence." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002) (internal quotation marks omitted).

1   The Court uses the following three-part test to analyze whether a party's "minimum

2   contacts" meet the due process standard for the exercise of specific personal jurisdiction: (1) The

3   non-resident defendant must purposefully direct his activities or consummate some transaction

4   with the forum or resident thereof; or perform some act by which he purposefully avails himself

5   of the privilege of conducting activities in the forum, thereby invoking the benefits and

6   protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's

7   forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and

8   substantial justice, *i.e.* it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. "If any of the

9   three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due

10  process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

11  While all three requirements must be met, this court has stated that in its consideration of the first

12  two prongs, "[a] strong showing on one axis will permit a lesser showing on the other." *Yahoo!*

13  *Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006) (en

14  banc).  That means that a single forum state contact can support jurisdiction if the cause of action

15  arises out of that particular purposeful contact of the defendant with the forum state. *Id*. (citing

16  *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

17  **B. Analysis**

18      Defendants Martushevs argue that they are Canadian citizens residing in Alberta, Canada,

19  and have no property, accounts, businesses, or business interests in the state of Washington.  Dkt.

20  #18 at 2.  The Martushevs argue against personal jurisdiction based on the *in rem* proceedings

21  against the vessel Glacier Bay, general jurisdiction, and specific jurisdiction.  *Id*. at 7-9.  The

22  Martushevs further argue that venue in Washington is improper and that the venue should not be

23  in Washington under *forum non conveniens*.

ORDER - 4

1

**1. Personal Jurisdiction**

2

Pertaining to the vessel Glacier Bay, the Mortgage agreement the Martushevs signed

3

specifically considered Washington jurisdiction.  In the event of default, the Mortgage agreement

4

states that the Lender, Northrim Bank, may exercise all rights and remedies in foreclosure under

5

"the law of any jurisdiction in which the Vessel may be found."  Dkt. #1-1.  The Mortgage

6

agreement also states that the governing law shall be federal maritime law and, if no applicable

7

maritime law, the laws of the state of Washington.  *Id*.  Given that, at the time of signing the

8

agreement, Glacier Bay's home port and operation is out of Seattle, Washington, it is no leap of

9

logic to assume that Defendants anticipated Washington courts handling a seizure or sale of the

10

vessel.

11

Furthermore, the Court finds that the Martushevs are subject to general and specific

12

personal jurisdiction in Washington.  The Martushevs, as owners and managers of Pearl Bay,

13

operate Glacier Bay out of Seattle and within the coastal waters of Washington, constituting "the

14

kind of continuous and systematic general business contacts that approximate physical presence."

15

*Glencore Grain Rotterdam B.V.*, 284 F.3d at 1124.  Plaintiff has also made a *prima facie* showing

16

that the Martushevs have further contacts with Washington through the importing activities of a

17

logging company, Martushev Logging LTD, operating out of Seattle and Tacoma, Washington.

18

Dkt. #53-2.

19

The Martushevs satisfy the minimum contacts required for this Court to exercise specific

20

jurisdiction as well.  As owners and managers of Pearl Bay and the vessel Glacier Bay, the

21

Martushevs continuously operate out of Seattle, Washington ports for the purpose of conducting

22

business.  This claim arises out of the Martushevs' activities in Washington, i.e., defaulting on a

23

loan and Mortgage agreement on Glacier Bay.  Due to Glacier Bay's location in Washington, the

24

25

26

27

28

ORDER - 5

Mortgage agreement, and Pearl Bay's business activities in Washington, it is not out of the question that the Martushevs should have anticipated being hailed into Washington courts.  Given the particular facts of this case, the Martushevs have sufficient minimum contacts to establish specific jurisdiction, and this case does not offend traditional notions of fair play and substantial justice.

The Martushevs further argue that they did not consent to Washington jurisdiction because the Commercial Promissory Note agreed on Alaska.  Dkt. #48 at 10.  The Note authorized "any action brought to enforce the Parties' obligations to be instituted and prosecuted in any state court having jurisdiction or in the United States District Court for the District that includes Lender's location as set forth at the beginning of this Agreement." Dkt. #1-1 at 11.  The Lender, Northrim Bank, is located in Anchorage, Alaska.  *Id*. at 8.  The Martushevs argue that, per their consent, Plaintiff could have pursued claims in a state or federal court in Alaska, but not where Glacier Bay is located.  Dkt. #48 at 11.

However, as Plaintiff's Complaint states, Plaintiff seeks to enforce the Preferred Ship Mortgage, which is governed by the laws of Washington because that is the location of the vessel Glacier Bay.  Dkt. #1-1.  District courts have original jurisdiction over preferred mortgage civil actions on vessels.  *See* 46 U.S.C. § 31325(c); 28 U.S.C. § 1333.  Glacier Bay's home port is Seattle, Washington, is currently located here, and has liens against it by Washington. As stated above, it does not offend the traditional notions of fair play and substantial justice to say that the Martushevs should have anticipated proceedings on the Mortgage occurring in Washington.

### 2. Improper Venue

Secondly, the Martushevs argue that venue in Washington is improper.  Dkt. #48 at 12.  The Court finds this argument also fails.  Under 28 U.S.C. § 1391(b)(1), venue is proper in a

judicial district where any defendant resides.  The Martushevs argue that because none of the Defendants are residents of Washington, venue in Washington is improper.  Dkt. #48 at 13. However, the second provision of § 1391 states that venue is proper where "a substantial part of property that is the subject of the action is situated[.]"  § 1391(b)(2).  Here, the property that is the subject of this action, the vessel Glacier Bay, is located in Seattle, Washington.  Per § 1391(b)(2), venue is proper here.[1]

### 3.  *Forum Non Conveniens*

Lastly, the Martushevs argue that the claims against them should be dismissed for *forum non conveniens*.  Dkt. #48 at 14.

Under 28 U.S.C. § 1404, this Court has discretion to transfer this case in the interests of convenience and justice to another district in which venue would be proper. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The purpose of this statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 12-CV-05502-BHS, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

In the Ninth Circuit, district courts typically apply a nine-factor balancing test to determine whether to transfer a case under § 1404(a), examining: "(1) the location where the

---

[1] Furthermore, a corporation subject to personal jurisdiction in a particular state is deemed to reside in that district. *See* § 1391(d).  Due to its business activities in Washington, Pearl Bay is subject to personal jurisdiction in Washington and is a defendant in this case.

ORDER - 7

relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [ ] (8) the ease of access to sources of proof, and (9) the public policy considerations of the forum state." *Jones*, 211 F.3d at 498–99.

The Court finds that the nine *Jones* factors weigh against transfer. The first factor possibly weighs in favor of a different venue because the addresses on the Note and Loan Agreement list Alaska. Dkt. #1-1. However, as the Martushevs argue in their Motion, the Martushevs were not located in Alaska but were in Edmonton, Alberta, Canada when they signed the Agreements. Dkt. #49 at 3. The fourth factor might weigh in favor of Alaska, but as discussed above, Pearl Bay LLC and the Martushevs have extensive contacts with Washington. The remaining factors are neutral or in favor of Washington. Under the second factor, Washington is arguably more appropriate because the Mortgage agreement being enforced here is governed, in part, by Washington law. Dkt. #1-1. Considering factor three, Washington is more appropriate because it is Plaintiff's chosen forum. Courts afford a plaintiff's choice of forum significant deference. See *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").

The fifth, sixth, seventh, and eighth factors weigh in favor of Washington because the vessel, the seizure, and all other concerns regarding Glacier Bay are in Washington. The costs of litigation generally focus on the forum's relative proximity to witnesses. *Stanbury Elec. Eng'g, LLC v. Energy Prod., Inc.*, No. C16-0362JLR, 2016 WL 3255003, at *6 (W.D. Wash. June 13,

ORDER - 8

2016) (concluding this factor favored transfer to Michigan since the majority of key witnesses lived closer in proximity to Michigan than Washington); *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) ("Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify."). The ease of access to sources of proof generally considers location of witnesses, documentary evidence, and inventory to be inspected. *See Jones*, 211 F.3d at 499; *Jinni Tech Ltd. v. Red.com, Inc.*, No. C17-0217JLR, 2017 WL 4758761, at *12 (W.D. Wash. Oct. 20, 2017). With the vessel being in Washington, these factors weigh in favor of Washington.

The ninth factor, public policy considerations, also weighs in favor of Washington. The vessel Glacier Bay's home port is Seattle, Washington, Plaintiff brought this claim in Washington, the Mortgage is governed by Washington law, and the liens and seizures involved are based in Washington. For these reasons, the Court finds that this case is a local controversy, therefore weighing strongly against transfer.

On balance, the factors weigh against transfer from Washington. Accordingly, the Court will not grant Defendants Martushevs' Motion on *forum non conveniens* grounds.

## IV.    CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby ORDERS that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and *Forum Non Conveniens*, Dkt. #48, is DENIED.

DATED this 16th day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 9