UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHRIM BANK,<br><br>                Plaintiff,<br><br>   v.<br><br>PEARL BAY SEAFOODS, LLC, JOSEPH MARTUSHEV, MIRON I. BASARGIN, ALEXANDER I. KALUGIN, NIKOLAI IGNATIEVICH, AND IOASOPH MARTUSHEV, *in personam*; and the Vessel GLACIER BAY, Official Number 600325, in rem,<br><br>                Defendants. | IN ADMIRALTY<br><br>Case No. 2:23-cv-01042-RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FORECLOSING PREFERRED SHIP MORTGAGE AND FOR JUDICIAL SALE OF VESSEL |
| PORT OF SEATTLE,<br><br>                Intervenor-Plaintiff,<br><br>   v.<br><br>PEARL BAY SEAFOODS, LLC, and GLACIER BAY, Official Number 600325, *in rem*,<br><br>                Complaint in Intervention Defendants. | |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Northrim Bank ("Northrim Bank")'s "Motion for Summary Judgment Foreclosing Preferred Ship Mortgage and For Judicial Sale of Vessel." Dkt. #57. Defendants have not filed a timely response to the Motion. Intervenor-

ORDER - 1

Plaintiff Port of Seattle ("Port of Seattle"), however, requested in its Complaint that the Court determine that its lien on the vessel Glacier Bay be considered superior to all other existing liens, including Northrim Bank's Preferred Ship Mortgage ("the Mortgage"). Dkt. #32 at 3. In Northrim Bank's Verified Answer to Port of Seattle's Complaint, Northrim Bank opposed this assertion, arguing that its mortgage was superior to other liens. Dkt. #33 at 3. For the reasons stated below, the Court GRANTS the Motion and dismisses the *in rem* proceedings against vessel Glacier Bay.

## II.   BACKGROUND FACTS

The Court incorporates the following relevant facts from Northrim Bank's Motion and Port of Seattle's Complaint.

On June 8, 2020, Defendants granted the Mortgage to Northrim to secure a $600,000.00 Commercial Promissory Note and a Business Loan Agreement, which collectively comprised the loan from Northrim Bank to Defendants. Dkt. #1. This Mortgage was filed with the National Vessel Documentation Center on June 8, 2020. On July 12, 2023, Northrim Bank filed its Complaint against all Defendants to enforce the Mortgage, which Defendants had been in default of since November 30, 2022. On August 18, 2023, the Court ordered the arrest of vessel Glacier Bay and granted Northrim Bank's motion to appoint Marine Lenders Services, LCC ("Marine Lenders") as the Substitute Custodian for Glacier Bay. Dkts. #8, #10. Vessel Glacier Bay was arrested on September 6, 2023, and has been in Marine Lenders custody since that date.

On December 19, 2022, Port of Seattle recorded a maritime lien for necessaires against Defendants for $34,075.94 due to Defendants failure to pay moorage and utilities for vessel Glacier Bay from February 4, 2022, through August 15, 2023. Dkt. #60, Dkt. #33 at 2. On September 19, 2023, Port of Seattle filed a Motion to Intervene, Dkt. #23, which the Court granted on October 4, 2023, Dkt. #31. Port of Seattle filed its Complaint on October 9, 2023,

ORDER - 2

asking this Court to consider its lien against vessel Glacier Bays superior to all other liens. Dkt. #32 at 3. Northrim Bank opposed this assertion in its Answer. Dkt. #33.

### III.   DISCUSSION

**A. Legal Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Upon application of a party, marshal, or other person having custody of the property, the court has the authority to order all or part of the property sold. *See* Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("SAR") Rule C; SAR Rule E; Local Admiralty Rules ("LAR") Rule 130, 145.

**B. Analysis**

ORDER - 3

There is no dispute that Defendants have defaulted on the Mortgage and agreements with Northrim Bank and Port of Seattle. There are also no disputes that Northrim Bank is entitled to foreclose the Mortgage. The sole dispute to Northrim Bank's Motion is Port of Seattle's assertion that its lien be considered superior to Northrim Bank's lien.

46 U.S.C. § 31325 allows for a mortgagee, "on default of any term of the preferred mortgage," to "enforce the preferred mortgage lien in a civil action in rem[.]" 46 U.S.C. § 31325(b)(1). District courts have original jurisdiction under § 31325(c). 46 U.S.C. § 31326 directs courts on how to enforce preferred mortgage liens, maritime lines, and the priority of these claims. § 31326 declares that "the preferred mortgage lien . . . has priority over all claims against the vessel (except for expenses and fees allowed by the court, costs imposed by the court, and preferred maritime liens[1][.]" 46 U.S.C. § 31326(b)(1). Only in the case of "a foreign vessel whose mortgage has not been guaranteed under chapter 537 of this title" does a maritime lien for necessaries outweigh a preferred mortgage lien. § 31326(b)(2).

Vessel Glacier Bay, Coast Guard Official Number 600325, is not a foreign vessel and is owed and operated by Defendants, who are residents of Alaska. Dkt. #1. Port of Seattle's maritime lien for necessaries does not meet the definition of "preferred maritime lien" under the statute[2]. *See* 46 U.S.C. §§ 31326, 31301(5). Therefore, pursuant to 46 U.S.C. § 31326, Northrim Bank's lien against vessel Glacier Bay due to the Mortgage is superior to Port of Seattle's maritime lien for necessaires. The only liens superior to Northrim Bank's lien are expenses

---

[1] 46 U.S.C. § 31301(5) defines a "preferred maritime lien" as: (A) arising before a preferred mortgage was filed under section 31321 of this title; (B) for damage arising out of maritime tort; (C) for wages of stevedore when employed directly by a person listed in section 31341 of this title; (D) for wages of the crew of the vessel; (E) for general average; or (F) for salvage, including contract salvage.

[2] Port of Seattle recorded its maritime lien on October 19, 2022, over two years after Northrim Bank recorded the Mortgage on June 10, 2020.

ORDER - 4

accrued *in custodia legis*, which this Court determined were costs incurred by the substitute custodian, Marine Lenders, Northrim Bank's payments of insurance premiums to insure vessel Glacier Bay, and other payments Northrim Bank paid for Glacier Bay while under arrest. Dkt. #8; *see* 46 U.S.C. § 31326(b)(1).

Furthermore, courts have held that "attorneys' fees and interest accrued in the enforcement of a preferred ship mortgage are entitled to the same priority as the mortgage itself." *Transamerica Commercial Finance Corporation v. F/V SMILELEE, et al.*, 944 F.2d 186, 188 (4th Cir. 1991). "[A]ttorneys fees and costs, when stipulated in the mortgage contract, may be validly recovered as part of the mortgage indebtedness secured." *Bradford Marine, Inc. V. M/V SEA FALCON*, 64 F.3d 585, 590 (11th Cir. 1995). The payment of attorneys' fees and costs was stipulated in Defendants' agreements with Northrim Bank. *See* Dkts. #1-1 at 3; #1-3 at 3, 15 ("[a]ll of the duties, terms and obligations imposed by the Loan Agreement with regard to the Vessel are hereby incorporated into this Mortgage."), 19 ("Borrower agrees to pay to the Lender any and all reasonable advances, charges, costs and expenses, including Attorney Costs and the fees and expenses of attorneys[.]"). Accordingly, the Court concludes that Northrim Bank's attorney fees and costs are included in its Mortgage lien.

### IV.   CONCLUSION

Having considered the applicable briefing submitted by the parties and the entire record, the Court hereby finds and ORDERS:

1. Plaintiff Northrim Bank's "Motion for Summary Judgment Foreclosing Preferred Ship Mortgage and For Judicial Sale of Vessel," Dkt. #57, is GRANTED;

2. Plaintiff Northrim Bank's expenses *in custodia legis* are first priority from the proceeds of the sale of vessel Glacier Bay;

ORDER - 5

3. Plaintiff Northrim Bank's Preferred Ship Mortgage lien is superior to and has priority over Port of Seattle's maritime lien for necessaires;

4. Vessel Glacier Bay should be sold by the U.S. Marshal no earlier than sixty (60) days from the date of this Order to a public sale consistent with LAR 145 and SAR Rule E(9). All proceeds shall be deposited into the registry of the Court;

5. Plaintiff Northrim Bank shall provide the Court with an exact accounting of all accrued interest and costs, the payment of the principle, and attorneys fees and costs within five (5) days of the U.S. Marshal's sale;

6. After satisfying Northrim Bank's lien in full, any remaining proceeds of the sale shall be paid to Port of Seattle to satisfy its maritime lien for necessaires, to the extent possible.

DATED this 6th day of March, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 6